UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD FRANCIS INCORVAIA,

    Plaintiff,

v.                                                                                    CASE NO:  8:05-cv-9-T-30EAJ

DAVID DEMERS, et al.

    Defendants.

_____/

## **ORDER**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss the Complaint (Dkt. #4), Plaintiff's Memorandum in Opposition (Dkt. #6), Plaintiff's Motion to Hold the Case in Abeyance (Dkt. #5), and Defendant's Objection to Plaintiff's Motion to Hold the Case in Abeyance (Dkt. #7).  Plaintiff alleges that Judge David Demers, Judge Peter Ramsberger, and Judge Walt Logan (collectively "Defendants"), engaged in activity violating Plaintiff's civil rights, impairing his right to contract and thereby causing a miscarriage of justice.  In their Motion to Dismiss, Defendants assert that Plaintiff's claims are barred by judicial immunity.[1]  This Court agrees.

Judges are immune from "liability for damages for acts committed within their judicial jurisdiction."  Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (noting that "[f]ew doctrines are

---

[1] Because the Court finds that judicial immunity bars Plaintiff's claim, it does not consider the alternate grounds for dismissal proffered in Defendants' Motion to Dismiss.

more solidly established at common law than the immunity of judges from liability for damages for [such] acts"). The doctrine of judicial immunity is vital to the proper administration of justice because a judge must "be free to act upon his own convictions, without apprehension of personal consequences to himself." Stump v. Sparkman, 435 U.S. 349, 355 (1978). Furthermore, objections to judicial decisions should be pursued through the appellate process, not through collateral actions.

Plaintiff's Complaint only alleges wrongful conduct by the Defendants "in their capacity as a judge's [sic]." Accordingly, judicial immunity precludes the claims set forth in the Complaint.

Further, because the Court has held that this case should be dismissed, Plaintiff's Motion to Hold the Case in Abeyance (Dkt. #5) should be denied as moot.

It is therefore ORDERED AND ADJUDGED that

1. Defendant's Motion to Dismiss (Dkt. #4) is **GRANTED**.

2. Plaintiff's Motion to Hold the Case in Abeyance (Dkt. #5) is **DENIED**.

3. The Clerk is directed to **CLOSE** the case and **DENY** all pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record